# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JIANWEN ZHENG,

        Petitioner,

    v.

WARDEN OF MOSHANNON
VALLEY ICE CENTER, *et al.*,

        Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO. 3:26-CV-477

## MEMORANDUM ORDER

Pending before the Court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF 1) filed by Jianwen Zheng. Respondents filed their response on April 20, 2026 (ECF 14), so the petition is now fully briefed and ready for disposition. On careful review, the Court will deny it.

Mr. Zheng is a citizen of China and after an unlawful entry in 2004, an Immigration Judge "ordered him removed from the United States and denied his claims for immigration relief" in 2005. ECF 14 at 2. After Mr. Zheng's subsequent appeals were denied or dismissed, "DHS detained [Mr. Zheng] in September 2010" and then "released him in an order of supervision in January 2011." *Id.*; ECF 1 at 4-5. During this period of supervision, Mr. Zheng lived in New York with "a home, job, church community[,]" wife, and two daughters, and he complied with "all [of his] hearings/check ins." ECF 1 at 6.

Fourteen years later, on May 22, 2025, DHS detained Mr. Zheng again "in anticipation of removing him in the reasonably foreseeable future[.]" ECF 1 at 6;

ECF 14 at 2.  Upon being presented with the application for a travel document to China, however, Mr. Zheng refused to complete it for over four months.  ECF 14 at 2.

On October 14, 2025, the travel document was completed by Mr. Zheng and forwarded to the relevant ICE division.  ECF 14 at 2.  On February 4, 2026, this ICE division confirmed that "the travel document application would be approved by [Enforcement and Removal Operation]'s Beijing attaché and would be sent to the PRC government for review."  *Id.* at 3.  During this waiting period, Mr. Zheng remains detained at the Moshannon Valley detention center.  ECF 1 at 1.

In his petition, Mr. Zheng asserts that his "detention has become prolonged and violates the Fifth Amendment of the Constitution[.]"  ECF 1 at 6.  He also contends that DHS has violated his procedural due process rights because it has not provided him with "a meaningful, individualized custody determination."  *Id.*  As for relief, Mr. Zheng requests that the Court "order [his] immediate release from detention, or in the alternative, order a bond hearing at which the government must prove by clear and convincing evidence that [his] continued detention is necessary."  *Id.* at 7.

In turn, Respondents assert that Mr. Zheng has not exhausted his claim of unlawful detention within DHS,[1] or alternatively, that his continued detention is

---

[1] The prudential exhaustion requirement that Respondents claim applies is excused here.  "[E]ven when courts might otherwise require exhaustion, they may excuse it when, for instance, waiver, estoppel, tolling or futility applies. We also excuse prudential exhaustion when the challenged agency action presents a clear and unambiguous violation of statutory or constitutional rights." *United States v. Dohou*, 948 F.3d 621, 628 (3d Cir. 2020) (internal punctuation and citation omitted).  Here, Mr. Zheng's continued detention for several months is a clear, unambiguous violation of his statutory rights. *See Saleem v. Att'y Gen.*, No. 3:25-CV-00227, 2026 WL 628252,

permissible under the standard established in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  ECF 14 at 4-6.  In particular, Respondents argue that Mr. Zheng has not yet met "his burden of providing 'good reason' to think there is 'no significant likelihood of removal in the reasonably foreseeable future[.]'"  ECF 14 at 9 (quoting *Zadvydas*).

In *Zadvydas,* the Supreme Court established that a 6-month period of detention was presumptively reasonable.  *Zadvydas*, 533 U.S. at 701.  It is only "[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id.*  Yet the Supreme Court clarified that "this 6–month presumption, of course, does not mean that every alien not removed must be released after six months."  *Id.*  Rather, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  *Id.*

The Court agrees with Respondents that Mr. Zheng has not met this burden. In his petition, Mr. Zheng fails to allege any facts relating to the unlikelihood of his removal to China in the reasonably foreseeable future.  *See generally* ECF 1; *c.f. Pan v. Oddo,* No. 3:25-CV-00265, 2025 WL 3960013, at *4 (W.D. Pa. Dec. 1, 2025), report and recommendation adopted, No. 3:25-CV-265, 2025 WL 3701296 (W.D. Pa. Dec. 21, 2025) (holding that the petitioner had met his burden by presenting evidence that he

---

at *4 (W.D. Pa. Mar. 6, 2026) ("[P]rudential exhaustion is not necessary where, as here, [petitioner's] 'interest in prompt access to a federal judicial forum outweighs the countervailing institutional interests.'" (quoting *Lorenzo v. Bondi*, No. 2:25-cv-0923, 2026 WL 84521, at *2 (D.N.M. Jan 12, 2026))); *see also Kargapolov v. Oddo*, No. 3:26-CV-00755, 2026 WL 1413057, at *2 (W.D. Pa. May 20, 2026) (finding in a similar case that the prudential exhaustion requirement is excused).

lacks a Chinese birth certificate and that China is reluctant to accept repatriation of its citizens); *Ma v. Oddo*, No. 3:26-CV-117, 2026 WL 1382245, at *2 (W.D. Pa. May 18, 2026) (holding that, where Vietnam refused to issue travel documents, the Vietnamese petitioner had met his burden by establishing that his ties to China are "sparse at best"); *see also Wu v. Lyons*, No. 4:26-CV-00665, 2026 WL 1134870, at *2 (M.D. Pa. Apr. 27, 2026) (collecting cases).

As such, because Mr. Zheng fails to meet this burden under *Zadvydas*, the Court must deny this claim. However, "the Court is cognizant of the fact that for detention to remain reasonable, as the period of prior post[-]removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Wu*, 2026 WL 1134870, at *2. As such, although Mr. Zheng's claim fails at this time, "if [he] remains detained without any progress on his removal, he may file a new petition challenging his continued detention" in the future. *Id.*

For these reasons, Mr. Zheng's Petition for Writ of Habeas Corpus (ECF 1) is hereby **DENIED** without prejudice. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

DATED this 9th day of July, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge